PUTNAM LUMBER CO. v. L. N. TOMPKINS.

150 So. 712.
Division B.
Opinion Filed November 10, 1933.
Rehearing Denied December 5, 1933.

*Marks, Marks, Holt, Gray & Yates,* for Plaintiff in Error;

*Evan Evans* and *John R. Kelley,* for Defendant in Error.

The defendant in error, L. N. Tompkins, a minor, by his next friend, sued plaintiff in error, Putnam Lumber Company, to recover damages for injury received while he was in the employ of Putnam Lumber Company and which injuries were caused by a tree, which was cut down by another employee of the company, falling on him and injuring his back.

After the formal parts of the declaration and the allegation that the complainant, L. N. Tompkins, who will hereafter be called the plaintiff, was employed by Putnam Lumber Company to perform certain services which he was then performing, the declaration alleges in the amended fourth count thereof:

"That at all times hereinafter mentioned the defendant was engaged in the operation of a saw mill situated in Dixie County, Florida; that on or about the 11th day of March, 1929, plaintiff was employed by defendant, and, acting in the course of said employment, was engaged as a member of defendant's tressel crew in the construction of a tressel on defendant's tram road.

"That on said date and for a long time prior thereto one George Law was employed by defendant, and on said date, acting in the course of his said employment, was acting as a member of defendant's timber crew which was then and there engaged in felling trees; that said trees were being felled along the right-of-way of defendant's said tram road for use in said work then being performed on said tram road, and that it was necessary that reasonable care and caution be exercised by the person so felling said trees to prevent the same from falling upon plaintiff

and said other employees of defendant similarly situated. That the said George Law was at all times herein mentioned *non compos mentis* and feeble minded and was not possessed of sufficient intelligence to exercise such reasonable care and caution, by reason whereof said George Law was unfit and 'incompetent to perform said duties; that the defendant knew or should have known of the aforesaid unfitness and incompetence of said George Law, but that the defendant then and there carelessly and negligently employed, and retained and continued to employ said George Law in its said service. And plaintiff alleges that on said date, while plaintiff was engaged in' the performance of his aforesaid duties, and said George Law was so employed by defendant and engaged in the performance of his said duties, said George Law cut down and felled a tree; that plaintiff was engaged in the performance of his said duties within a short distance of said tree; that the said George Law by reason of his aforesaid mental incompetence, was unable to and did not prevent said tree from falling upon plaintiff, but did then and there cause said tree to fall upon plaintiff, and plaintiff was thereby painfully, seriously and permanently injured in and throughout the head, body and limbs, his back was broken, his skull was fractured and his nervous system was shattered and impaired, by reason whereof plaintiff has suffered great pain and anguish, and plaintiff was thereby rendered sick, sore, lame and disordered and will continue so to be, to-wit: permanently; and plaintiff was thereby rendered incapable of earning a livelihood after attaining his majority, and will continue thereafter so to be permanently; to the damage of plaintiff in the sum of $50,000.00. Wherefore, plaintiff brings this suit and claims $50,000.00 damages of defendant.."

We think the declaration sufficiently alleges a cause of action.

It is contended that the declaration is bad because it does not allege that George Law "carelessly and negligently" cut down and felled the tree, etc. We do not consider this allegation necessary because the declaration contains this allegation:

"That on said date, while plaintiff was engaged in the performance of his aforesaid duties, and said George Law was so employed by defendant and engaged in the performance of his said duties, said George Law cut down and felled a tree; that plaintiff was engaged in the performance of his said duties within a short distance of said tree; that the said George Law, by reason of his aforesaid mental incompetence, was unable to and did not prevent said tree from falling upon plaintiff, but did then and there cause said tree to fall upon plaintiff," etc.

This allegation, in connection with the allegation that George Law was at all times feeble minded and by reason thereof was unfit and incompetent to perform the duties and services for which he was employed by defendant and that defendant knew, or should have known of the aforesaid unfitness and incompetence of the said George Law, but that defendant then and there carelessly and negligently employed and retained, and continued to employ and retain, George Law, by reason whereof this injury occurred, is sufficient to constitute allegations upon which the plaintiff was entitled to recover, if supported by evidence for damages occasioned by the careless and negligent employment of a fellow servant unfit and incompetent to properly perform the services for which he is employed with a due regard to the safety of others employed with him.

The controlling question to be determined by the Court is whether or not the evidence is sufficient to sustain a verdict in favor of the plaintiff and the vital question involved in this is whether or not the fellow servant, George Law, was unfit and incompetent to be employed to do that work which he was doing at the time the injury occurred.

It was not only incumbent upon defendant to employ men who could cut and fell trees, but it was his duty to employ men whose judgment and mental capacity was such that in cutting and felling trees they would be cut and felled so as to not unnecessarily endanger the lives and limbs of fellow servants. The evidence shows that George Law knew how to cut a tree, but there is substantial evidence to warrant the jury in having determined that he did not have mental capacity and judgment sufficient to guide his action in so cutting and felling trees as not to endanger the lives of others.

The uncontradicted evidence shows that George Law cut the tree in question in such a manner as to cause it to fall toward and upon the plaintiff and that the tree, being cut in the manner in which George Law cut it, would have necessarily fallen as it did fall, unless it had been thrown in some other direction by wind, or some other strong force.

The evidence shows one of two facts to exist: either that George Law deliberately cut the tree so that it would fall toward and upon the plaintiff, or: that he had so little judgment and intelligence that he did not realize that the tree would fall toward and upon the plaintiff when cut in the manner in which he cut it.

The jury was warranted in finding from the evidence the latter condition to be true and it was also warranted in finding from the evidence that the lack of judgment and

intelligence on the part of George Law was such that the defendant, through its employees who were vice-principals and with whose knowledge and information the employer was charged, knew, or should have known, of the mental capacity and unfitness of George Law for employment in the cutting of trees at or near a place where other workmen were at work in a position so that a tree felled by George Law could fall upon, entrap and injure them.

The evidence is not so strong and convincing upon this point but that the jury might have arrived at some other conclusion which, if arrived at, would have been sustained by an appellate court, but, as heretofore said, there was substantial evidence to support the verdict which is not clearly contrary to the manifest weight of the evidence. The trial court refused to disturb the verdict and it is our duty in this state of the case to allow it to stand. It is, therefore, affirmed.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.

BROWN, J., concurs in conclusion.

ELLIS, J., dissents.

TERRELL, J., not participating.

ELLIS, J. (dissenting).—The case presented is one in which the plaintiff below, an employee of the Putnam Lumber Company, was injured by a falling tree which was felled by George Law, another employee of the Company.

The Company was engaged in the business of operating a saw mill in Dixie County. The plaintiff, a lad of about seventeen years of age, was employed as a member of the defendant's "crew" engaged in the construction of a trestle on the defendant's tram road. George Law was engaged as a member of a "crew" which was engaged in felling trees. The trees were being felled along the right-of-way of the tram road for use in the work being performed on

the road by the tram road crew. The plaintiff was working with the tram road crew within a short distance from the point where George Law was engaged in cutting down the tree for use in construction of the tram road. The tree fell upon the plaintiff, who was severely injured. He sued the Company for damages for personal injuries, basing his cause, as alleged in the fourth count of the declaration, upon three facts: his injury; that George Law was *non compos mentis* and was therefore *unable to prevent* the tree from falling on the plaintiff, but on the other hand caused it to fall on him, and third, that the Company knew or should have known of George Law's "unfitness and incompetence," but it nevertheless carelessly and negligently employed and retained Law in its service.

The declaration does not allege that there was any negligence or carelessness on Law's part in felling the tree, nor that notwithstanding his lack of mentality he was incompetent to cut down trees. There is no contention that the plaintiff was through lack of intelligence unable to perceive his own danger. It must be presumed, therefore, that he was aware of his position as being within the danger zone of a tree which was being felled within a short distance of him, less than the height of the tree, and that he was both intelligent and alert enough to protect himself.

It is a contradiction to say that Law was "unable to and did not prevent" the tree from falling upon the plaintiff, but that he "then and there caused said tree to fall upon the plaintiff" if the direction in which the tree fell was due in any manner to the will of the person cutting it down and the manner in which he cut it pursuant to that will, for if he could cause it to fall in the plaintiff's direction and therefore upon him he could have prevented it from falling in that direction. If the falling of the tree in plain-

tiff's direction and upon him was the result of design on Law's part a cause of action may exist in favor of the plaintiff. If that was the theory of the declaration the evidence wholly fails to support it. It is unnecessary to determine whether the declaration in that interpretation of it stated a cause of action.

There is no evidence whatsoever that George Law was negligent or careless in felling the tree, nor is there any allegation in the declaration that by the exercise of care he could have caused it to fall in a different direction.

The majority opinion states that Law knew how to cut down a tree, but that he did not have mental capacity and judgment sufficient to guide his action in felling the tree so as not to endanger the lives of others; but that is not the case as made by the declaration, which is that the defendant was guilty of negligence in employing a person perfectly competent to cut down trees to be used in the construction of the tramway, but without mental capacity sufficient to prevent a tree when being cut from falling on the plaintiff or other employees or persons who might be standing within the danger zone of the falling tree.

I do not agree that the law of negligence reaches to the extent of the doctrine proclaimed in the majority opinion, which is unsupported by any citation of authority primary or secondary.

Negligence of the employee Law in felling the tree is not the basis of the case made by the declaration, but it rests upon alleged negligence of the defendant in employing a person as tree cutter capable of cutting down trees but so lacking in intelligence that he could not in the process of felling a tree prevent it from falling in a direction along the line of which and upon a spot within the danger zone of the falling tree a person was standing who was capable

of perceiving his danger and able to remove himself from the impending peril. Such an obligation upon the part of employers would require of them a prescience vouchsafed only to divinity. An employer is not guilty of negligence in omitting to provide against unforeseen danger.

The falling of a tree, which is being cut down, upon a person standing within the danger zone, that is within a circle described by a radius equal to the length of the tree, is an unusual occurrence, because a person with sense enough to look out for his own safety, even if he desires to remain within the zone of danger, will ordinarily take care of himself, so the occurrence may be said to be an accident especially where neither the declaration alleges nor the evidence tends to show that the unusual occurrence was the result of an unusual act of the defendant or its employee felling the tree. There is no presumption of negligence on the Company's part in this case, and *"res ipsa loquitur"* does not apply because there is neither allegation nor proof that the employee Law in cutting down the tree changed his usual course of action, nor any natural inference that the unusual occurrence was due to the employee's act in cutting the tree. Smith on Negligence, p. 420.

Unforeseen occurrences are not held to be a foundation of liability. State v. Tankersley, 172 N. C. 955, 90 S. E. Rep. 781, L. R. A 1917C, 533.

The instant case is not within the doctrine of comparative knowledge of danger as a test of liability announced in McKinney v. Adams, 68 Fla. 208, 66 South. Rep. 988, L. R. A. 1915D 442, Ann. Cas. 1917B 326.

Under no reasonable supposition could the defendant have known of the danger to plaintiff in cutting the particular tree and only by the violently unreasonable assumption could it be said that the plaintiff did not know or

have due appreciation of the unsafe situation in which he placed himself and there remained.

I think the declaration was bad as stating no cause of action and the evidence insufficient to support a case upon the theory that the employee Law acted carelessly or negligently in cutting down the tree. So I think the judgment should be reversed.